Bob OWENS, Denise Owens, Bobby L. Owens, by Next Friends Bob Owens and Denise Owens Plaintiffs

v.

## THE CATHOLIC DIOCESE OF JACKSON, Mississippi Defendant

No. 3:00–CV–543WS.

United States District Court, S.D. Mississippi, Jackson Division.

June 5, 2001.

---

Dennis L. Horn, Horn & Payne, PLLC, Madison, for Bob Owens, Denise Owens, Bobby L. Owens, by next friends Bob Owens and Denise Owens, plaintiffs.

James A. Keith, Todd Inman Woods, Adams and Reese, Jackson, for the Catholic Diocese of Jackson, defendants.

## ORDER GRANTING REMAND

WINGATE, District Judge.

Before the court is plaintiffs' motion to remand. Filed pursuant to Title 28 U.S.C. § 1447,[1] plaintiffs' motion asks this court to remand this lawsuit to the Circuit Court for the First Judicial District of Hinds County, Mississippi, where it originated. Plaintiffs herein are Bob Owens and Denise Owens, parents of Bobby L. Owens,

who seek recovery from defendant for breach of contract. Having removed this lawsuit to this federal court under the auspices of Title 28 U.S.C. §§ 1441(a)[2] and 1331,[3] defendant, The Catholic Diocese of Jackson, Mississippi, operator of St. Joseph School in Jackson, Mississippi, opposes the motion. This court, however, is persuaded by the plaintiffs' motion and hereby remands this case for the reasons which follow.

## I. FACTS AND PROCEDURAL HISTORY

On March 22, 2000, plaintiffs Bob Owens, Denise Owens, and Bobby Owens filed this lawsuit in state court against defendant The Catholic Diocese of Jackson, Mississippi, owner and operator of St. Joseph Catholic School (the "School"). Plaintiff Bobby Owens is the minor son of parents Bob and Denise Owens. In brief, the Owens family alleges that the School denied Bobby Owens the office of Student Council President and certain other honors and, in so doing, the school breached the implied duty of good faith and fair dealing contained in the defendant's policy handbook.

In more detail, the plaintiffs allege the following sequence of events which birthed this lawsuit and pitted the parties against

1. Title 28 U.S.C. § 1447 provides in pertinent part:
(c) A motion to remand the case on any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

2. Title 28 U.S.C. § 1441(a) states in pertinent part: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . ."

3. Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

each other. In the Spring of 1999, the School conducted an election. Three student candidates sought the Office of Student Council President: two female students, one Caucasian, and one African–American. Bobby L. Owens, an African–American, also was one of the candidates. According to the complaint, Bobby L. Owens won the popular vote among the students, but that the School denied him a victory by allowing the twenty-two (22) faculty members to vote. Twenty (20) of the faculty persons were Caucasian. The School, say the plaintiffs, allowed the faculty members to vote even though the election polls had been closed, a circumstance which, say plaintiffs, changed the course of the election and robbed Bobby L. Owens of a victory. Bobby L. Owens, the African–American candidate, received a majority of the student votes but only four (4) teacher votes. Holly Hardin, a Caucasian female candidate, received fewer student votes, but eighteen (18) teacher votes and was declared the winner.

Following the election, the plaintiffs herein approached the School's administrators, timely protested and requested a new election. Citing alleged irregularities in the election and specifically complaining about the impact of the teachers' votes, the plaintiffs charged that the election had been unfair.

In response to plaintiffs' complaint, the School decided to hold another election; however, the School then changed its rules to implement a policy which, say plaintiffs, prevented Bobby L. Owens from being nominated to run again for the office of Student Council President. Under the changed procedure, each candidate was required to obtain eleven (11) faculty recommendations in order to qualify as a candidate. Bobby L. Owens was unable to secure the eleven (11) needed recommendations and, thus, was deemed ineligible for the race.

The plaintiffs also accuse the defendant of denying to Bobby L. Owens, an athlete, a student athletic commendation award. According to the plaintiffs, that award was given to another student who was not even an athlete.

In their complaint, plaintiffs charge in summary that these changes in school policy were inherently unfair. Bobby L. Owens, say the plaintiffs, achieved the goals as set out in the School's own policies, only to have precious honors taken away from him by new rules designed expressly to exclude him from contention.

The defendant removed this case from state court to this federal forum on the basis of federal question jurisdiction, alleging that plaintiffs had stated claims arising under federal law. Specifically, the defendant submits that plaintiffs have stated a claim cognizable only under Title 42 U.S.C. § 1981 [4] which prohibits racial discrimination in the making and enforcing of contracts, since, says defendant, Mississippi law does not recognize claims based on racial discrimination. In response, the plaintiffs state that Mississippi does recognize a racially-motivated breach of contract claim, that they seek only to recover under state law, that they specifically have not stated a claim under federal law, and that

---

4. Title 42 U.S.C. § 1981 states in relevant part:

   (a) Statement of equal rights. All person within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

regardless, they can prove their case without any reference to racial animus.

## II. REMOVAL

The burden of establishing federal jurisdiction rests upon the party seeking removal. *Rodriguez v. Transnave, Inc.*, 8 F.3d 284, 289 (5th Cir.1993). Because the court must strictly construe removal jurisdiction, if the federal court finds that jurisdiction is doubtful, the court should remand the lawsuit to state court. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988).

Under Title 28 U.S.C. § 1441(a), a defendant may remove from state court to federal court any lawsuit over which the federal court would have had original jurisdiction. *Rivet v. Regions Bank of Louisiana*, 108 F.3d 576, 582 (5th Cir.1997), rev'd on other grounds, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) ("As a general proposition, removal hinges on whether a federal district court could have asserted original jurisdiction over the state court action had it initially been filed in federal court."). The district court's original jurisdiction is limited to cases involving diversity jurisdiction, authorized by Title 28 U.S.C. § 1332,[5] and those presenting a federal question, as cognizable under Title 28 U.S.C. § 1331. The latter category, disputes "arising under the Constitution, laws or treaties of the United States," is what concerns us here.

## III. THE WELL–PLEADED COMPLAINT RULE

Whether a claim "arises under" federal law so as to confer federal question jurisdiction under § 1331 is governed by the well-pleaded complaint rule, which "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). This being so, the well-pleaded complaint rule makes the plaintiff master of the claim as he or she may avoid federal jurisdiction simply by relying exclusively upon state law. *Id.* at 392, 107 S.Ct. at 2429. So, even if both federal and state law provide a remedy to the plaintiff, the plaintiff can avoid federal jurisdiction by pleading only the state law claim. *See Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2425.

## IV. EXCEPTIONS TO THE WELL–PLEADED COMPLAINT RULE

The well-pleaded complaint rule, though, is not without exceptions, and while "[i]n most cases, claims pled under state law are to be taken at face value for purposes of evaluating jurisdiction[,]" there are "two types of situations [in which] the court may disregard the state law facade of a complaint, thereby bringing to the surface the federal claims lying beneath." *Wynn v.. Philip Morris, Inc.*, 51 F.Supp.2d 1232, 1238 (N.D.Ala.1999).

The first instance in which federal court jurisdiction may be found in a claim couched in state law is "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); that is, when it appears that some substantial, disputed question of federal law is a necessary element of [the state claim],

---

5. Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States; ...

*United Jersey Banks v. Parell,* 783 F.2d 360, 366 (3rd Cir.1986) (quoting [*Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)]); *see also Self-Insurance Institute of America, Inc. v. Korioth,* 993 F.2d 479, 483 n. 7 (5th Cir. 1993). In cases falling under the first exception, the "substantial, disputed question of federal law" must be decided as part of the resolution of the state claim. The mere existence of a disputed issue of federal law is not enough, the disputed question must be "a necessary element of one of the well-pleaded state claims." Thus, the first exception does not expand federal question jurisdiction; rather, it ensures that federal question jurisdiction actually exists. *See id; see also Howery v. Allstate Insurance Co.,* 243 F.3d 912, n. 19. (5th Cir.2001).

The second circumstance where federal question jurisdiction may have been hidden is where the federal claims completely preempt the state law claims, or when it appears that plaintiffs' claim is really one of federal law. This second exception, where the state claim is "really" one of federal law, is known as the "complete preemption" doctrine. *See Waste Control Specialists, LLC v. Envirocare of Texas, Inc.,* 199 F.3d 781 (5th Cir.2000); *see also Goepel v. National Postal Mail Handlers Union,* 36 F.3d 306, 310–11 (3rd Cir.1994). Complete preemption exists where Congress has evinced an intent to displace the entire state causes of action. Where a plaintiff seeks to proceed in state court on state common law causes of action subject to complete preemption, the matter is removable to federal court. *See id.* In such cases, "any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd.,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420.

Complete preemption is a narrow exception: the Supreme Court has sanctioned the rule only relative to federal labor relations and the Employee Retirement Income Security Act [ERISA] of 1974. *Johnson v.. Baylor University,* 214 F.3d 630, 632 (5th Cir.2000). The Fifth Circuit has stated that a finding of complete preemption will be warranted only where the statute at issue (1) contains a civil enforcement provision; (2) includes a specific grant of federal subject matter jurisdiction; and (3) reflects a clear manifestation of congressional intent to make preempted state-law claims removable to federal court. *See Aaron v. National Union Fire Ins. Co.,* 876 F.2d 1157, 1163–66 (5th Cir. 1989).

## V. ANALYSIS

### (A) Whether Face of Complaint Provides Federal Question

■ Here, plaintiffs' alleged cause of action is not federally created. The defendant acknowledges that the face of the complaint does not assert a federal claim of racial discrimination. Plaintiffs' claim supposedly depends upon Mississippi common law, thus, defendant must look beyond the federal declarations of the complaint if it is to justify removal jurisdiction.

### (B) Whether Artful Pleading Doctrine (Preemption) Applies

As discussed in *Franchise Tax Bd.,* a federal court may exercise removal jurisdiction over a nominally state-created action where the court finds that the "artful pleading" doctrine applies. Defendant invokes this doctrine in opposing plaintiffs' motion to remand, arguing that plaintiffs have artfully pleaded their complaint so as to avoid federal jurisdiction. Defendant claims that plaintiffs have attempted to mask an action falling under the federal

civil rights law as a state common law breach of contract claim.

Defendant's reliance on the artful pleading doctrine is misplaced. No part of the Civil War–Era Civil Rights Act which defendant claims to be invoked here, namely Title 42 U.S.C. § 1981, evinces an attempt by Congress to completely preempt state contract law. Title 42 U.S.C. § 1981 contains no civil enforcement provisions nor any other specific provisions which would indicate that Congress so completely preempted the civil rights area (as it did with employee benefit plans in under ERISA) so as to render any civil complaint which can be construed as raising a claim under Title 42 U.S.C. § 1981, federal in nature.

### (C) Whether Alleged Inviability of State Law Claim Provides Basis for Removal

Defendant next argues that since Mississippi has no law cognizable for discrimination based on race, the asserted basis for recovery by plaintiffs finds no support in state law but can exist, if at all, only by reference to federal law; and that therefore, plaintiffs' breach of the duty of good faith and fair dealing contract claim necessarily turns on a "substantial, disputed question of federal law."

A defendant may remove a well-pleaded claim created by state law only if vindication of that claim necessarily turns on a substantial, disputed question of federal law. *Franchise Tax Bd.*, 463 U.S. at 27–28, 103 S.Ct. 2841. The question, then, is whether plaintiffs' claim, although pled as a state law claim, must nevertheless be deemed to arise under federal law for the reason that plaintiffs' claim, while not completely preempted by federal law, is not viable under state law and can succeed only upon proof of a violation of federal law.

While plaintiffs admit that part of the underlying basis of their breach of contract claim is racial animus, they also point out that nowhere in the complaint do they cite any federal law as the basis of the common law breach of contract claim. And, in their reply brief in support of the motion to remand, plaintiffs point out that they can also prove their common law claim without reference to racial animus, as they asserted in their complaint that certain irregularities occurred in the award of certain honors and the election process of the Student Council President which were not contemplated by school policy.

Although defendant argues that plaintiffs' claims are cognizable only under § 1981, this court holds that such a merit-based calculation is for the Mississippi courts to resolve. Ultimately, a state court is the proper forum to determine whether Mississippi law encompasses the right asserted by plaintiffs and whether defendant's conduct fell below a standard mandated by state law.

The holding in *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781 (5th Cir.2000), supports this court's view. In *Waste Control Specialist*, which did not feature facts showing complete preemption, the district court denied the plaintiff's motion to remand upon concluding that plaintiff's claim was not viable under state law and that plaintiff's only possible claim was thus a federal one.

The Fifth Circuit held that the district court had erred in concluding that the artful pleading doctrine could apply irrespective of the lack of complete preemption, *id.* at 784, and stated that, "[t]he district court's decision regarding the viability of [the plaintiff's] allegations [was] one the district court had no jurisdiction to make," *id.* at 783. The Court explained that in the absence of complete preemp-

tion, the plaintiff "remained the master of its complaint," *id.* at 784, and therefore, [a]lthough [the plaintiff] could have alleged a federal cause of action in its state petition, it did not. It filed a complaint in state court alleging wholly state claims in a non-preempted field. Its choice is entitled to respect and precluded removing the case to federal court absent circumstances not presented here. **For certain, we express no opinion as to the viability of [plaintiff's] state law claims. That is for a Texas court to decide.**

*Id.* at 784 (emphasis added).

Plaintiffs herein have filed a complaint in which they have not cited to, nor relied upon, any federal law as a source of any claimed duty. That is their prerogative as masters of their complaint. Their claims are not subject to preemption under any federal law, and specifically, not under § 1981. Whether their state law claim of breach of contract is a viable one on the facts alleged is for a Mississippi state court to decide, and as *Waste Control Specialist* teaches, not a factor in this court's calculus whether plaintiffs must be deemed to have asserted a federal claim. Accordingly, the court finds that neither the artful pleading/complete preemption doctrine nor the substantial federal question doctrine applies.

## VI. CONCLUSION

For the foregoing reasons, the court concludes that it lacks jurisdiction over plaintiffs' complaint. Accordingly, plaintiffs' motion to remand this lawsuit to the Circuit Court for the First Judicial District of Hinds County, Mississippi, is granted.