IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO.00-31145
USDC NO. 99-1266

_____


TERREBONNE HOMECARE, INC.,

                              Plaintiff-Appellant,

VERSUS

SMA HEALTH PLAN, INC., formerly known as SMA HMO, INC.;
ET AL

                              Defendants,

HOSPITAL SERVICE DISTRICT NO. 1 OF THE PARISH OF TERREBONNE,
doing business as Terrebonne General Medical Center and Nursing
Care Home Health Agency,

                              Defendant-Appellee.

---------------
Appeal from the United States District Court
for the Eastern District of Louisiana
---------------
October 17, 2001

Before GARWOOD and WIENER, Circuit Judges, and SARAH S. VANCE,[*]
District Judge.

PER CURIAM:


     The threshold issue in this appeal is whether the artful

pleading doctrine may be invoked to assert federal jurisdiction

over a complaint alleging state antitrust law claims.  Because

plaintiff alleged state law claims in a field that is not

_____

     [*]     District Judge of the Eastern District of Louisiana,
sitting by designation.

completely preempted by federal law, the artful pleading doctrine does not apply. The district court therefore lacked subject matter jurisdiction, and its orders must be vacated and the case remanded to state court.

## I.

Appellant, Terrebonne Homecare, Inc. ("THI"), a home health care agency, sued Terrebonne General Medical Center in Louisiana state court contending that Terrebonne General conspired with its partially owned HMO to terminate appellant as a preferred provider and to favor a competing home health care agency that was owned by Terrebonne General. THI asserted claims for violations of the Louisiana antitrust laws, the Louisiana unfair competition statute, the Louisiana Constitution and for breach of contract. Terrebonne General removed the case to federal court, relying on the artful pleading doctrine to assert that appellant's complaint stated a federal antitrust claim. The district court denied a motion to remand on the grounds that appellant's state antitrust claims were actually federal in nature because they involved interstate commerce, and Louisiana antitrust law applied only to intrastate commerce. The district court concluded that THI had artfully pleaded its complaint to avoid a necessary federal question. The district court found that THI's real claim was a federal antitrust claim, which provided the basis for removal. After it assumed jurisdiction, the district court granted summary judgment dismissing all of

2

THI's claims.

II.

We review a denial of a motion to remand *de novo*. *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 783 (5th Cir. 2000); *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir. 1995).

The well-pleaded complaint rule governs whether a defendant can remove a case based on the existence of a federal question. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392, 107 S. Ct. at 2429. The artful pleading doctrine is a narrow exception to the well-pleaded complaint rule, and it prevents a plaintiff from defeating removal by failing to plead necessary federal questions. *See Rivet*, 522 U.S. 470 at 475, 118 S. Ct. 921 at 925; *Carpenter*, 44 F.3d at 367. The artful pleading doctrine does not apply, however, unless federal law completely preempts the field. *See Waste Control Specialists*, 199 F.3d at 784; *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546 (upholding removal based on complete preemption by Section 502(a)(1)(B) of ERISA); *Avco Corp. v. Machinists*, 390

3

U.S. 557, 560, 88 S. Ct. 1235, 1237 (1968) (upholding removal based on preemptive effect of Section 301 of the Labor Management Relations Act); *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430 (stating that once state law has been completely preempted, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim."). In *Waste Control Specialists,* we recently observed that the Supreme Court has left no doubt that complete preemption is necessary for the artful pleading doctrine to apply:

> Without complete preemption, the artful pleading doctrine does not apply. If this was once a matter of debate, the Supreme Court recently has put the issue to rest. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S. Ct. 921, 925, 139 L.Ed.2d 912 (1998) (further citations omitted). Indeed, even prior to *Rivet*, this was the rule in this circuit and others.

199 F.3d at 783-84.

Federal antitrust law does not completely preempt state antitrust laws. *See California v. ARC America Corp.,* 490 U.S. 93, 101-02, 109 S. Ct. 1661, 1665 (1989) (declaring that Congress intended federal antitrust laws to supplement, not displace, state antitrust remedies); *Watson v. Buck*, 313 U.S. 387, 403, 61 S. Ct. 962, 967-68 (1941); *Puerto Rico v. Shell Co.,* 302 U.S. 253, 259-60, 58 S. Ct. 167, 170 (1937); *Pounds Photographic Labs, Inc. v. Noritsu American Corp.*, 818 F.2d 1219, 1226 (5th Cir. 1987) (holding that federal antitrust laws do not completely preempt Texas antitrust statutes). Accordingly, the artful

4

pleading doctrine does not apply here.

The district court reasoned that because THI's antitrust claim involved interstate commerce and, in its view, Louisiana's antitrust law applies only to intrastate commerce,[1] THI's claim must be federal in nature. We addressed a similar issue in *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.,* 199 F.3d 781 (5th Cir. 2000). There, the district court asserted jurisdiction over a Texas antitrust law claim on the theory that the claim was federal in nature because Texas antitrust law applied only to intrastate commerce. After noting the absence of complete preemption, we held that plaintiff remained the master of its complaint and that, although it could have alleged a federal cause of action in its state petition, it did not do so. 199 F.3d at 784. Rather, "[i]t filed a complaint in state court alleging wholly state claims in a non-preempted field." *Id*. As to the viability of the plaintiff's state law claims, we held, "[t]hat is for a Texas court to decide." *Id*. The same reasoning applies here. If THI's Louisiana antitrust claim is defective, that is a question for a Louisiana state court.

---

[1] Whether Louisiana antitrust law applies only to wholly intrastate conspiracies is not a question that is free from doubt. *See Free v. Abbott Labs., Inc.*, 164 F.3d 270, 276 (5th Cir. 1999) (certifying question to Louisiana Supreme Court), *certified question denied by*, 739 So. 2d 216 (La. 1999), *after denial of certification*, 176 F.3d 298, 299 (5th Cir. 1999) (assuming but not deciding that Louisiana antitrust law applies to interstate conspiracies that have effects in Louisiana).

Accordingly, the district court lacked subject matter jurisdiction over this matter.  We vacate its orders and remand the case to the district court with instructions to remand the action to the state court from which it was removed.

VACATED AND REMANDED WITH INSTRUCTIONS.