**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-20467
Summary Calendar

GLORIA SWIDRISKI,
as Representative of the
Estate of Marc Kajs, Deceased

Plaintiff - Appellant,

VERSUS

CITY OF HOUSTON

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(No. H-00-CV-1074)

December 12, 2001

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Gloria Swidriski brings this suit on behalf of her deceased son Marc Kajs, alleging that the City of Houston police department's refusal to intervene in an abusive relationship involving Kajs and his partner, Ilhan Yilmaz,

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resulted in Kajs's death. The suit is brought under 42 U.S.C. § 1983, Appellant alleging that the City violated Kajs's right to be free from state-created danger and irrational disparate treatment. The district court granted the City's motion to dismiss, concluding that the state-created danger theory was not yet viable in this circuit and that Kajs was not entitled to equal protection because he was not a member of a suspect class. We affirm in part, reverse in part, and remand.

### BACKGROUND

The material facts are undisputed. Yilmaz shot and killed Kajs and then himself one Sunday afternoon outside the restaurant where Kajs worked. For some eight months before, the two had been in an abusive relationship, with Yilmaz doing the abusing. Kajs several times sought protection from the City police department but to no avail. Kajs in July 1997 moved out of the apartment he and Yilmaz were sharing, shortly after which Yilmaz's threats intensified. In the days that followed, Kajs reported three incidents of threatening conduct by Yilmaz to police.

Sometime before Yilmaz had received a permit to carry a concealed handgun. In December 1997 Yilmaz purchased two guns at a retail outlet, the police department having approved the sale despite the complaints that had been lodged against him. Yilmaz's threatening conduct apparently subsided until March

1998.  About that time, Yilmaz showed up at Kajs's place of work with a silhouette target with holes shot through and told Kajs he was next.  Kajs twice more sought the help of City police but again to no avail.  Yilmaz killed Kajs the same month.

## DISCUSSION

We review the district court's ruling on a motion to dismiss de novo.  *See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).  When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the district court must accept the plaintiff's factual allegations as true and resolve doubts as to the sufficiency of the claim in the plaintiff's favor.  *See id.* The complaint should not be dismissed unless it appears "beyond a doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief."  *Id.* at 284-85 (quoting *Conley v. Gibson,* 355 U.S. 41 (1957))(emphasis in original).

## I.

We expressly adopted the state-created danger theory in *McClendon v. City of Columbia*, 258 F.3d 432, 436 (5th Cir. 2001).[1]  To succeed on such a claim, plaintiff must show that

---

[1]  We note that a petition for rehearing en banc has been filed in *McClendon*, and that the Court requested a response, which has been on file as of August 30, 2001.  No action has since been taken on the petition.  Because we conclude that Appellant has failed to state a claim under the state-created danger theory, we need not await *McClendon*'s resolution before filing this opinion.

defendants created a dangerous environment; that they knew it was dangerous; and that they were deliberately indifferent to plaintiff's plight. *See id.* at 438. Appellant here has not made out the first element. In a case much like the one at bar, one in which the City of Houston was also a defendant, we held that certain police officers' having protected plaintiff's assailant did not make the City liable, the City not having created the abusive relationship between plaintiff and her assailant. *See Piotrowski v. City of Houston*, 237 F.3d 567, 584 (5th Cir. 2001). By way of comparison, in *McClendon* we held that evidence of a police officer's having given a gun to plaintiff's assailant, an individual known to be on the brink of violence and who could not otherwise obtain a firearm, was sufficient to survive a summary judgment motion. 258 F.3d at 438. Having liberally construed Plaintiff's amended complaint, we do not see any suggestion that City officials created the situation that led to Kajs's death. Indeed, Appellant plainly states that Yilmaz's abusing Kajs predated Kajs's first complaint to the police department. And nowhere is there any suggestion that the conduct of City officials somehow enabled Yilmaz to commit the act of violence he did whereas before he could do no worse than physically assault Kajs.

We also conclude that the police department's failure to inhibit Yilmaz's purchase of the murder weapon does not subject

-4-

the City to liability.  It does not follow that the breakdown of the background screening process itself was responsible for creating the dangerous environment where handguns were made available to persons with a violent propensity.  That condition obviously preexisted any City involvement.  *Cf. Johnson v. Dallas Indep. Sch. Dist.*, 35 F.3d 198, 201 (5th Cir. 1994)(holding that school district was not liable for shooter's having entered school without I.D. or not having gone through metal detector).  Further, we are not inclined to assign liability where to do so would discourage the taking of preventive safety measures.  Here, holding the City responsible for a lapse in its background screening process would run contrary to that policy.

Though we conclude that Appellant has failed to state a claim for state-created danger, we are not unmindful of her request that she be permitted to file a second amended complaint.  The usual custom upon granting a motion to dismiss is to allow an opportunity to replead.  *See Waste Control Spec., L.L.C. v. Envirocare of Tex., Inc.*, 199 F.3d 781, 786 (5th Cir. 2000).  But leave need not be granted where it appears that plaintiff has made his "best case."  *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).  Appellant here twice asked the district court for permission to amend, and she has asked us for leave as well.  Appellant's burden under her theory of recovery was well known.  Since she asserted state-created danger in her first complaint,

-5-

Appellant knew that at a minimum she would have to allege that the City was responsible for the danger that led to Kajs's death. Appellant has tried to meet this charge only by pointing to the police department's repeated refusals to intervene between Kajs and Yilmax.  But this kind of inaction cannot create danger, as we noted above.  Believing that Appellant would have urged that the City officials' positive conduct caused Kajs's death if in fact it had, we conclude that permitting further amendment is not warranted.

## II.

The district court's dismissal of Appellant's equal protection claim was error, however.  The Fourteenth Amendment guarantees that states treat similarly situated individuals alike.  Certain kinds of state actions have a long history of being particularly invidious, so with respect to such actions we afford states little deference.  But simply because a state has not historically treated certain persons differently than others does not mean it can discriminate without at least offering a rational basis for its actions.  *See Hilliard v. Ferguson*, 30 F.3d 649, 652 (5th Cir. 1994).  Here, the district court concluded that because Kajs was not a member of a suspect class he was not entitled to equal treatment as a matter of law. Plaintiff alleges that it was the police department's policy to afford less protection to a victim of domestic violence in a homosexual relationship; that animus was at least a motivating

factor for the department's disparate treatment; and that Kajs was injured by this conduct.  That is sufficient to state an equal protection claim.  *See Shipp v. McMahon*, 234 F.3d 907, 914 (5th Cir. 2000).

## CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of Appellant's claim for state-created danger, but we reverse dismissal of the equal protection claim and remand for further proceedings.