**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**Summary Calendar**
**No. 01-31381**
_____

**THE LAW OFFICES OF DANIEL E. BECNEL, JR. ET AL.,**

**Plaintiffs-Appellants,**

**versus**

**THE JOHN ARTHUR EAVES LAW FIRM ET AL.,**

**Defendants-Appellees.**

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
Docket No. 01-CV-1944
_____

October 11, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

This case comes to us on appeal from a dismissal for lack of jurisdiction. Finding the appellants' arguments without merit, we affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**FACTS**

In February 2001 the Law Offices of Daniel E. Becnel, Jr. ("Becnel") contracted with appellee John Arthur Eaves Law Firm ("Eaves") for the settlement of a number of Becnel's clients' cases against American Home Products. There was a falling out and Becnel filed a declaratory judgment action on June 26, 2001, seeking dissolution of the referral agreement. This case was randomly assigned to Chief Judge Berrigan. Shortly thereafter, Becnel filed a motion to transfer the case to Judge Porteous's court, before whom the American Home Products cases were being tried. Becnel claimed that the instant action was substantially the same and closely related to those cases. Judge Porteous determined, however, that the "two suits will not involve subject matter that comprises all or a material part of the subject matter or operative facts of the prior action" and transferred it back to Chief Judge Berrigan on August 21, 2001.

While the case was before Judge Porteous, Eaves filed a motion to dismiss based on lack of subject matter jurisdiction (July 17, 2001), noting that one of the named defendants, Richard M. Martin, Jr. ("Martin"), was a resident of Louisiana, whose presence destroyed complete diversity. To this motion Becnel did not respond. Instead, Becnel filed a motion seeking leave to amend his original complaint to plead supplemental jurisdiction as an

alternative jurisdictional basis. Resolution of this motion was referred to a magistrate judge.

The magistrate judge denied Becnel's motion to amend on November 9, 2001; Chief Judge Berrigan had conditionally dismissed the complaint in October, subject expressly to the magistrate judge's decision on the motion to amend, a decision Becnel did not challenge. The district court accordingly entered judgment dismissing the case. For the reasons that follow, we affirm the district court's judgment.

## DISCUSSION

Because Becnel identified Martin as a defendant in the original pleadings, no diversity jurisdiction existed, see Strawbridge v. Curtis, 7 U.S. 267, 3 Cranch (1806), as the district court properly noted. Urging reversal, Becnel makes the following two arguments before this court.

Becnel first argues that the district court erred in finding Martin a necessary party to the case. Rule 19 of the Federal Rules of Civil Procedure does not mandate, Becnel argues, the inclusion of Martin. Because joinder decisions are within the trial court's discretion, Fed.R.Civ.P. R. 19(a), and Becnel has presented no compelling argument for Martin's exclusion, this court will not overturn Chief Judge Berrigan's decision.

Becnel also argues that the magistrate judge abused her discretion in declining to grant his motion to amend the complaint

3

to assert supplemental jurisdiction. Because Becnel did not assert to the district court his objection to the magistrate judge's order, he has waived this point. It is incorrect to argue, as Becnel does, that when the district court's dismissal order was made contingent on the magistrate judge's ruling on the motion to amend, the magistrate judge order then became "dispositive." The district court has no authority either to make a magistrate judge's order dispositive or to deprive Becnel of an opportunity to challenge that order. Of course the district court undoubtedly had no such intents or motive here. Becnel just goofed. We will not review a magistrate judge order that has not been timely objected to. Singletary v. BRX, Inc., 828 F.2d 1135, 1137 (5th Cir. 1987).

### CONCLUSION

Federal procedural law grants much latitude to prospective plaintiffs. For better or worse, this court has taken notice of the old saw, the plaintiff is master of his complaint. See, e.g., Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., 271 F.3d 186 (5th Cir. 2001). Having failed to manufacture federal jurisdiction with his own devices, he has equally failed to persuade us to do so for him.

Judgment **AFFIRMED.**

4