**Debora Jean ALLRED Plaintiff**

v.

**BAUHAUS USA, INC.;**
**et al. Defendants**

**No. 1:02CV369–D–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

Dec. 16, 2002.

James Lowe Weir, Jr., James L. Weir, P.C., Tupelo, MS, for plaintiff.

Rick Allen Hammond, the Kullman Firm, Jackson, Taylor B. Smith, the Kullman Firm, Columbus, Elizabeth Lee Maron, Adams and Reese, Jackson, MS, for defendants.

## OPINION GRANTING MOTION TO REMAND

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiff's motion to remand this action to the Circuit Court of Monroe County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

### A. Factual Background

The Plaintiff has been employed as a production worker at the Defendant Bauhaus USA's Amory, Mississippi, facility since 1999. On May 10, 2002, the Plaintiff filed this lawsuit in the Circuit Court of Monroe County against Bauhaus and three of its employees, alleging purely state law claims in connection with events that allegedly occurred at the facility; the Plaintiff's claims include assault and battery, negligence, intentional infliction of emotional distress, and failure to supervise. Thereafter, on July 29, 2002, the Plaintiff filed a complaint in this court alleging sexual harassment in violation of Title VII, in connection with events occurring during her employment at Bauhaus. That case has been assigned Civil Action Number 1:02CV275–D–D and is still active on this court's docket.

On October 7, 2002, the Defendants removed the case *sub judice* to this court, asserting that the Plaintiff's state law claims arise under federal law, namely under Title VII. The Plaintiff subsequently motioned the court to remand the case to state court.

### B. Standard for Remand

A defendant may remove a civil action from state court to federal court provided that the federal court has original jurisdiction over the plaintiff's claims. 28 U.S.C. § 1441(a). In this case, the propriety of the Defendant's removal depends upon whether any of the Plaintiff's claims arise under federal law, thereby giving this court original federal question jurisdiction over the claims. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

■ Whether a claim arises under federal law so as to confer federal question jurisdiction under 28 U.S.C. § 1331 is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Because the well-pleaded complaint rule provides for the determination of jurisdiction solely on the basis of the plaintiff's complaint, the rule makes the plaintiff master of the claim, and federal jurisdiction may be avoided by exclusive reliance on state law. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425.

■ The well-pleaded complaint rule is limited, however, by the "artful pleading" doctrine. This doctrine states that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Franchise Tax Bd. v. Construction Labor-*

*ers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). If a court concludes that a plaintiff has artfully pleaded claims in this fashion, the court may uphold removal if the federal law in question completely preempts the plaintiff's state law claims. *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir.2001); *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 783 (5th Cir. 2000) (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998)). In other words, if Congress has completely preempted a particular area of the law, any civil complaint raising a claim in that area is necessarily federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–63, 107 S.Ct. 1542, 1545–46, 95 L.Ed.2d 55 (1987). A federal cause of action is then, in effect, substituted for the plaintiff's state law claim, making it one that arises under federal law, thereby conferring removal jurisdiction upon the federal court.

### C. Discussion

The Defendant asserts that the Plaintiff has artfully pled state law claims that necessarily arise under federal law, namely Title VII, 42 U.S.C. §§ 2000e, *et seq.*, thereby rendering removal of this case proper.

In *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781 (5th Cir.2000), the district court denied the plaintiff's motion to remand upon concluding that although the plaintiff had pled solely state law claims, a federal claim had effectively been alleged because, even though there was no complete federal preemption, the plaintiff's claim was not viable under state law and the only possible claim it had was thus a federal one. *Waste Control Specialists*, 199 F.3d at 782–83.

The Fifth Circuit reversed the district court and held that, in the absence of complete preemption, the plaintiff remains the master of her complaint. *Id.* at 784; *see also Terrebonne Homecare,* 271 F.3d at 188. In so ruling, the Fifth Circuit confirmed that the practice of a removal court seeking to determine whether the real nature of a claim is federal, regardless of the plaintiff's characterization, is correctly confined to areas of the law completely pre-empted by federal substantive law. *See Waste Control Specialists,* 199 F.3d at 783–84 ("Without complete preemption, the artful pleading doctrine does not apply."); *Terrebonne Homecare,* 271 F.3d at 188–89 ("The artful pleading doctrine does not apply, however, unless federal law completely preempts the field.").

■ Here, the court finds that it is axiomatic that Title VII does not completely preempt any of the Plaintiff's state law claims. *See, e.g., California Fed. Sav. and Loan Assoc. v. Guerra,* 479 U.S. 272, 281–82, 107 S.Ct. 683, 689–90, 93 L.Ed.2d 613 (1987); *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 345 (9th Cir.1996) ("Title VII does not completely preempt state law."); 42 U.S.C. § 2000e–7 ("[n]othing in this subchapter shall be deemed to exempt or relieve any person from any liability ... provided by any present or future law of any State ...").

Accordingly, in light of the Fifth Circuit's explanation of the limited role of the artful pleading doctrine in federal question jurisdiction analysis, and the express recognition of the Plaintiff's right—as master of her complaint—to avoid federal jurisdiction by electing to proceed solely under state law in her state court action, the court concludes that none of the Plaintiff's claims arise under federal law. The Plaintiff pled only state law causes of action in her complaint and she is not relying on federal law to support any of her claims; all of her claims in this lawsuit, therefore, arise under and will succeed or fail based solely on state law. This court, therefore, is without subject matter jurisdiction to adjudicate this action, and remand to state court is proper. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

■ In addition, although this point was not explicitly raised by the Defendant, the court notes that the supplemental jurisdiction statute, 28 U.S.C. § 1367, is not a source of original subject matter jurisdiction, and a removal petition therefore may not base federal subject matter jurisdiction on the supplemental jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject matter jurisdiction, and even if removal would be efficient. *Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 456 (6th Cir.1996); *Henson v. Ciba–Geigy Corp.,* 261 F.3d 1065, 1068 (11th Cir.2001), *aff'd,* —— U.S. ——, 123 S.Ct. 366, 154 L.Ed.2d 368 (Nov. 5, 2002); *Abraham v. Brown,* No. 4:99CV211–B–B, 2000 WL 796316, at * 1 (N.D.Miss. May 22, 2000).[1]

In conclusion, Title VII does not preempt the Plaintiff's state law claims,

---

1. The court also notes that while Rule 18 of the Federal Rules of Civil Procedure provides that a party *"may* join [in a single complaint] ... as many claims ... as the party has against an opposing party," there is no absolute requirement that the party do so. *See* Fed.R.Civ.P. 18(a). Further, despite the fact that the Plaintiff stated in her deposition that her claims are based on the "sexual harassment" she allegedly faced at Bauhaus, her state law claims are not claims seeking relief under Title VII for sexual harassment. Rather, as noted above, the Plaintiff seeks relief under state law for assault and battery, negligence, intentional infliction of emotional distress, and failure to supervise.

and none of the Plaintiff's claims arise under the Constitution, laws, or treaties of the United States. Remand of this action to state court for ultimate resolution is therefore proper.

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING MOTION TO REMAND

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiff's motion to remand (docket entry 16) is GRANTED; and

(2) this cause is hereby REMANDED to the Circuit Court of Monroe County, Mississippi.