Angelia ANDERSON, et al.   Plaintiffs

v.

**NISSAN MOTOR ACCEPTANCE CORPORATION, et al.**
Defendants

No. CIV.A. 3:03CV6LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 22, 2003.

Edward Blackmon, Jr., Blackmon & Blackmon Law Firm, Canton, MS, Julian Dewayne Thomas, Julian Dewayne Thomas, Attorney, Jackson, MS, Joseph L. Tucker, Jackson & Shuttlesworth, P.C., James V. Doyle, Jr., K. Stephen Jackson, PC, Birmingham, AL, for Plaintiffs.

T. H. Freeland, III, Freeland & Freeland, Sidney R. Hill, III, Mitchell, McNutt, Threadgill, Smith & Sams, David D. O'Donnell, Howorth O'Donnell Walsh, Oxford, MS, James Bruinsma, Dykema Gossett Rooks Pitts, PLLC, Chicago, IL,

762

Ralph Edward Young, Jr., William W. Simmons, Glover, Young, Walton, Phillips & Tucker, PLLC, Meridian, MS, William Briggs Hopson, III, Teller, Chaney, Hassel & Hopson, Vicksburg, MS, Allan P. Bennett, Vikki J. Taylor, Watkins Ludlam Winter & Stennis, P.A., Joseph E. Roberts, Jr., Pittman, Germany, Roberts & Welsh, David Aaron Norris, McGlinchey Stafford, Henry E. Chatham, Jr., A. Spencer Gilbert, III, Brenda M. Currie, Wise, Carter, Child & Caraway, Brenda B. Bethany, J. Wyatt Hazard, Jason H. Strong, Daniel, Coker, Horton & Bell, Jackson, MS, Michael L. Prewitt, Michael L. Prewitt, Attorney, Greenville, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiffs to remand pursuant to 28 U.S.C. § 1447. Defendant Nissan Motor Acceptance Corporation (NMAC) has responded in opposition to the motion and has filed an alternative motion to certify order for appeal under 28 U.S.C. § 1292(b). The court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that plaintiffs' motion to remand should be granted, and further concludes that NMAC's motion for certification for interlocutory appeal should be denied.

The eighty-four plaintiffs in this cause filed suit in the Circuit Court of Hinds County, Mississippi against NMAC and approximately thirty Mississippi Nissan dealers alleging claims and seeking damages for defendants' alleged suppression of material facts, deceit/fraudulent concealment, negligent or reckless misrepresentation, conspiracy, breach of the duty of good faith and fair dealing, breach of fiduciary duty, unjust enrichment and negligent and/or wanton training and supervision relative to plaintiffs' financing of their automobile purchases from the defendant dealers. Plaintiffs complain, in particular, that the dealer defendants, in combination and conspiracy with NMAC, engaged in a fraudulent and secret scheme to deceive plaintiffs into financing their automobile purchases at inflated rates through NMAC's retail financing program. According to the complaint, NMAC periodically established a schedule of approved rates at which automobile purchases could be financed, the approved rates being established in tiers, based on the applicant's creditworthiness.[1] These rates represented the lowest rates at which NMAC would finance a purchase. Plaintiffs allege, however, that NMAC "trained, allowed, induced, encouraged and conspired with Defendant Dealers to charge rates greater than the approved rates," i.e., to mark up the rates, and in the case of each plaintiff, the defendant dealers (and NMAC) induced plaintiffs to pay a higher rate of interest than NMAC's approved and required rate by misrepresenting to plaintiffs, including by misleading documentation, actions and statements, that the higher rate presented to them was, in fact, NMAC's approved or required rate. Plaintiffs also allege that in the cases of those plaintiffs who are African–American, the defendants further deceived and conspired to defraud them by charging them an even higher mark-up than that charged to similarly situated white applicants, without disclosing that they were being charged a higher rate than the white applicants. Plaintiffs allege that NMAC effected this finance charge mark-up system by agreeing that dealers who were able to

1. For example, for the month of January, Tier A might have an approved rate of 8%.

induce a customer to enter into a loan at a higher interest rate than the approved rate would be paid a portion of the mark-up.

NMAC promptly removed the case on the dual bases of federal question jurisdiction under 28 U.S.C. § 1331 and bankruptcy removal jurisdiction under 28 U.S.C. § 1452. As to the former, NMAC asserted that federal question jurisdiction exists under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, and the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982, since the basis of plaintiffs' lawsuit is alleged race discrimination. NMAC contended that bankruptcy jurisdiction also exists pursuant to 28 U.S.C. § 1334 because one or more of the plaintiffs (perhaps as many as nineteen) had at one time or another subsequent to their loan transactions filed a voluntary petition for bankruptcy under the United States Bankruptcy Code and because this lawsuit is therefore property of these plaintiffs' bankruptcy estates which is due to be heard and resolved exclusively by the bankruptcy court.

### Federal Question Jurisdiction:

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, for the district court to have removal jurisdiction, 28 U.S.C. § 1441(a) requires that the case be one over "which the district courts of the United States have original jurisdiction." District courts have original jurisdiction over cases concerning a "federal question," that is, cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

■ The determination whether a plaintiff's claim arises under federal law is made by examining the "well pleaded" allegations of the complaint, ignoring potential defenses. Under this "well pleaded complaint" rule, " 'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution....' " *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003) (citations omitted). Thus, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id.See also Heimann v. National Elevator Indus. Pension Fund,* 187 F.3d 493, 499 (5th Cir.1999) ("It is well-settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.").

■ Because the well-pleaded complaint rule provides that jurisdiction will be determined based solely on the plaintiff's complaint, "the rule makes the plaintiff master of the claim, and federal jurisdiction may be avoided by exclusive reliance on state law.... Accordingly, even if both federal and state law provide a remedy, the plaintiff can avoid federal jurisdiction by pleading solely state law claims—at the price, of course, of foregoing the federal remedies." *Credit Acceptance Corp. v. Addison,* 2000 WL 33324363, *2 (N.D.Miss.2000) (citations omitted). *See also Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir.1995) (stating that "when both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction"). In other words, "[i]n the event a plaintiff asserts claims which have a basis in both federal and state law, the plaintiff

as 'master' of his complaint may decline to press his federal claims in favor of litigation premised exclusively on state law-effectively defeating the possibility of removal, but accepting the risk that his federal claim may be barred." *Willis v. Life Ins. Co. of Ga.*, Civ. Action No. 4:00CV323–PB, 2001 WL 34403088 (N.D.Miss. May 31, 2001). Here, plaintiffs have done just that. Indeed, plaintiffs point out that not only is no federal claim apparent on the face of their complaint, but that they have expressly alleged that this is a tort action brought under the laws of the State of Mississippi, and that they

> bring this action based entirely upon the common laws and statutory laws of Mississippi... and do not rely upon any federal statute, any federal question, and do not seek relief under any federal statute of law.

Thus, they have expressly and unequivocally elected to pursue their claims under state law despite the availability of a federal remedy.

██ Defendant submits, though, that while there are circumstances in which a plaintiff may avoid federal court by exclusive reliance on state law, this is not the case here, where state law does not provide the remedy plaintiffs seek. In this regard, NMAC contends that although in their complaint, plaintiffs have not identified any federal law as a basis for their claims, nevertheless, inasmuch as plaintiffs are suing for race discrimination, they are necessarily raising federal claims since their claims for race discrimination are not cognizable under Mississippi law but rather are cognizable only under federal law,[2] and in particular, under the Equal Credit Opportunity Act[3] or the Civil Rights Act.[4] That is, defendant attempts herein to invoke the artful pleading exception to the well-pleaded complaint rule. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) (corollary to the well-pleaded complaint rule is the principle that "a plaintiff may not defeat removal by omitting to plead necessary federal questions"). However, in this court's opinion, the Fifth Circuit has made it clear that in the absence of complete preemption, the artful pleading exception does not apply. *See Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 783 (5th Cir.2000).[5] And

2. Although defendant is insistent that state law provides no remedy for race discrimination, plaintiffs' complaint can be interpreted as not necessarily seeking relief for race discrimination *as* race discrimination, but rather as seeking relief on the basis that defendants' alleged failure to disclose the material fact that black applicants were being offered higher interest rates than white applicants amounted to fraud under the circumstances. However, as discussed *infra* at p. 765–66 n. 6, whether a state court would view this as a valid distinction and whether a state court would find this to be a viable claim, however, are not issues that need concern this court.

3. That Act makes it unlawful "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction ... on the basis of race."

4. Section 1981 guarantees to all persons the same right "to make and enforce contracts ... as is enjoyed by white citizens....", while § 1982 guarantees all persons the same right "as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

5. Defendant acknowledges *Waste Control Specialists*, but relies on *Medina v. Ramsey Steel Company, Inc.*, 238 F.3d 674 (5th Cir.2001), in support of its contention that plaintiffs' claims, though purportedly brought solely under state law, are necessarily federal claims since the claims are not cognizable under state law. In *Medina*, the plaintiff originally filed suit for age discrimination and retaliation in state court in Texas based on the Texas Labor Code. The defendant removed the case a first time, claiming that the plaintiff's claims

since it is plain that neither the ECOA nor the federal Civil Rights Act completely preempts state laws on race discrimination, it thus follows that there is no federal jurisdiction in this cause. *See Willis*, Civ. Action No. 4:00CV323–P–B, 2001 WL 34403088, at *3–4 (stating that "only in situations where the federal legislation *completely* preempts state law is removal proper," and thus, since court was aware of no authority holding that Congressional enactments respecting racial discrimination were intended to completely preempt state tort law, artful pleading doctrine was

> were preempted by the Federal Age Discrimination in Employment Act. The district court remanded the case. Once back in state court, the plaintiff amended his complaint to assert a claim for back pay and liquidated damages, remedies which were not available under the Texas Labor Code but rather available only under the ADEA. The defendant again removed the case and this time, the district court denied the motion to remand. The Fifth Circuit affirmed, stating that although a plaintiff with a choice between federal and state law claims "may proceed in state court 'on the *exclusive* basis of state law, thus defeating the defendant's opportunity to remove,' "

> Medina's amended pleadings seek back pay and liquidated damages as provided under the ADEA. *See* 29 U.S.C. § 626(b). Texas law caps lost earnings at two years and does not provide for the award of liquidated damages. Tex. Lab.Code Ann. § 21.258(c)(Vernon 1996). From the face of Medina's well-pleaded complaint, it is clear that Medina is not proceeding on the exclusive basis of state law. Instead, the damages he seeks are authorized only by federal law.... Therefore, the district court's denial of his motion to remand was appropriate.
>
> *Id.* at 680. *Medina* is distinguishable from this case, in that the plaintiffs here, by their explicit declaration, have made it clear on the face of their complaint that they are proceeding on the exclusive basis of state law. In *Medina*, there was room for interpretation, since although the plaintiff did not cite to any federal law as a basis for his claim for recov-

inapplicable and there was no federal jurisdiction).[6]

### Bankruptcy Jurisdiction

■ There is no question but that this court has jurisdiction over this case based on the fact that at the time the case was filed and removed, two of the plaintiffs had then pending bankruptcies to which this case relates, within the contemplation of 28 U.S.C. § 1334. The issue presented for resolution is what the court can or should do with its jurisdiction, *see In re Southmark Corp.*, 163 F.3d 925, 928–929 (5th

> ery, he did seek damages which were available under federal law but not available under state law, and did not otherwise make clear his intention to proceed solely under state law.
>
> NMAC has moved the court to deny remand and certify the court's order for interlocutory appeal so as to give the Fifth Circuit an opportunity to resolve what defendant characterizes as a conflict between the holdings in *Medina* and *Waste Control Specialists*. In the court's opinion, to the extent that there is a conflict between these two opinions, it is not a conflict that is manifest in the present case. The court therefore declines defendant's request.

6. As this court has noted, in keeping with the Fifth Circuit's decision in *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781 (5th Cir.2000), in the absence of complete preemption, "federal question jurisdiction cannot properly be found merely because a plaintiff who fails to state a viable claim for relief under state law may have available to him a viable claim for relief based on federal law where he has not elected to assert the federal claim." *Greer v. MAJR Financial Corp.*, 105 F.Supp.2d 583, 592 (S.D.Miss.2000); *see Waste Control Specialists*, 199 F.3d at 784 (stating that "[a]lthough [the plaintiff] could have alleged a federal cause of action in its state petition, it did not. It filed a complaint in state court alleging wholly state claims in a non-preempted field. Its choice is entitled to respect and precluded removing the case to federal court absent circumstances not presented here. For certain, we express no opinion as to the viability

Cir.1999), and in particular, whether mandatory abstention applies, 28 U.S.C. § 1334(c)(2),[7] and if not, whether discretionary abstention or equitable remand is in order pursuant to 28 U.S.C. § 1334(c)(1)[8] or 28 U.S.C. § 1452(b),[9] respectively.

Defendant first argues that since the causes of action of the bankruptcy plaintiffs are property of their bankruptcy estates, the bankruptcy court has exclusive jurisdiction over their claims. This court has previously considered and rejected this identical argument, and does so here, as well. *See Henley v. Personal Finance Corp.,* Civ. Action No. 3:02CV463LN, at 9 n. 10 (S.D.Miss. Nov. 2002); *see also Lee v. Miller,* 263 B.R. 757, 761 (S.D.Miss.2001) (rejecting argument that "because § 1334(e) gives the district court where a Title 11 case is commenced exclusive jurisdiction over the res of the bankruptcy estate, this court may not abstain and remand this case back to state court").

For their part, plaintiffs argue that all of the criteria for mandatory abstention are satisfied here, and that accordingly, this court must remand the case. Defendant disputes this, insisting that plaintiffs have only established the first of the prescribed criteria, a timely-filed motion seeking abstention. The court need not consider whether the remaining requirements are met, however, for in the court's opinion, the doctrines of discretionary abstention and equitable remand counsel in favor of remanding the case. "Because the doctrines of discretionary abstention and equitable remand are very similar, there is an overlap between the two regarding factors for the court to consider." *P.O'B. Apollo Tacoma, L.P. v. TJX Cos., Inc.,* No. Civ. 3:02–CV–0222–H, 2002 WL 31246633, *1 (N.D.Tex.2002). They include:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;

---

of [plaintiff's] state law claims. That is for a Texas court to decide.").

7. That statute provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Thus, for mandatory abstention to apply, the following conditions must exist:

1. A motion has been timely filed requesting abstention.
2. The cause of action is essentially one that is premised on state law.
3. The proceeding is non-core or related to the bankruptcy case.
4. The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case.

5. The proceeding has already been commenced and can be timely adjudicated in a state court forum.

*Blakeley v. United Cable System,* 105 F.Supp.2d 574, 583 n. 9 (S.D.Miss.2000).

8. That statute provides:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11, or arising in or related to cases under title 11.

9. That statute states:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334(c);

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the ... court's docket;

(10) the likelihood that the commencement of the proceeding in the [district] court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of non-debtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Id.* Here, the simple fact is, this cause is brought solely under state law, and would not be in federal court but for the bankruptcies of a few plaintiffs, and the claims of these plaintiffs relate to their bankruptcies only in the sense that their successful prosecution may increase the assets available for distribution to creditors. Clearly there are no overriding bankruptcy issues; and to the extent that the case raises bankruptcy issues, the court perceives no reason that the state court could not deal with those issues, or that the affected parties could not resort to the bankruptcy court in the bankruptcy cases themselves as to any issues which might arise that are within the province of the bankruptcy court. Moreover, there is no reason to expect that remand would delay or otherwise disrupt the administration of the involved bankruptcy estates. Finally, the court notes that particularly in view of the court's already overburdened docket, the court cannot justify retention of jurisdiction in this case.

Accordingly, the court concludes that plaintiffs' request for equitable remand is well taken.

*Conclusion*

Based on the foregoing it is ordered that plaintiffs' motion to remand is granted. It is further ordered that NMAC's alternative motion for interlocutory appeal is denied.