Albert R. GARNER, Sigrid Garner, Thomas I. Garner, R & S Developers, LLC, RTC Properties, LLC, MGR Construction, LLC, Pavilion Properties, LLC, Storage Zone of Jackson, LLC, and Storage Zone of Florence, LLC, Plaintiff,

v.

BANKPLUS, Defendant.

Civil Action No. 3:11CV515TSL–MTP.

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 29, 2012.

David W. Baria, Marcie Fyke Baria, Baria Law Firm, PLLC, Bay St. Louis, MS, Richard A. Montague, Jr., Wells, Moore, Simmons, Edwards & Wilbanks, PLLC,

Robert C. Williamson, Jr., Baria–Williamson, PLLC, Jackson, MS, for Plaintiff(s) or Petitioner(s).

Sarah Elizabeth Wilson, Christopher H. Meredith, Daniel Elwood Ruhl, William H. Leech, Copeland, Cook, Taylor & Bush, Ridgeland, MS, for Defendant(s) or Respondent(s).

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiffs Albert R. Garner, Sigrid Garner, Thomas I. Garner, R & S Developers, LLC, RTC Properties, LLC, MGR Construction, LLC, Pavilion Properties, LLC, Storage Zone of Jackson, LLC, and Storage Zone of Jackson to abstain and remand.[1] Defendant BankPlus has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that plaintiffs' motion to abstain and remand should be granted.

Plaintiffs commenced the present action in the Circuit Court of Hinds County, Mississippi on July 26, 2011, asserting state law claims against BankPlus for breach of contract, misrepresentation, estoppel and injunctive relief, all centered on their allegation that BankPlus reneged on a loan restructuring agreement entered into with plaintiffs. More specifically, plaintiffs alleged that in July 2010, BankPlus represented and committed to plaintiffs to renew, extend, re-amortize and reduce the interest rate on some seventeen outstanding loans to the various Garner businesses and the Garner family, yet the Bank did

---

1. The plaintiffs in this case include three individuals, Albert R. Garner and Sigrid Garner, husband and wife, and their son, Thomas I. Garner, and six businesses they own: R & S Developers, LLC; RTC Properties, LLC; MGR Construction, LLC; Pavilion Properties, LLC; Storage Zone of Jackson, LLC; and Storage Zone of Florence, LLC.

not restructure the loans as represented and instead filed suit in state court seeking to recover on the loans and initiated foreclosure of certain real property that was collateral for the loans. Plaintiffs herein seek to estop the Bank from enforcing the loans "other than in accordance with the Bank's representations, promises and commitments"; to enjoin the Bank from foreclosing on the collateral since, plaintiffs allege, they are not in default under the terms of their agreements, as modified; a declaratory judgment as to the parties' rights and responsibilities under the loan documents, as restructured; and damages allegedly incurred as a result of the Bank's breach of contract or due to their reliance on its misrepresentations.

On August 8, 2011, two weeks after this suit was filed, one of the plaintiffs, RTC Properties, filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Mississippi, Case No. 11–02754–ee. BankPlus promptly removed the case to this court on the basis of bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334, following which plaintiffs filed their present motion requesting that the court abstain from hearing the case and remand it to state court.

Subsequent to completion of briefing on the motion, the court has been informed that four additional plaintiffs—Pavilion Properties and the three individual plaintiffs—have filed for bankruptcy protection in the Mississippi Southern District Bankruptcy Court, in Case Nos. 11–03994–ee, 12–00171–ee and 12–00170–ee, respectively.[2]

In their motion, plaintiffs acknowledge that pursuant to 28 U.S.C. § 1334, the case was properly removed and that this court has jurisdiction as the case is "related to" the referenced bankruptcy cases.[3] *See* 28 U.S.C. § 1334(providing "the district court shall have original and exclusive jurisdiction of all cases under title 11," and "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11"); *Feld v. Zale Corp.*, 62 F.3d 746, 752 (5th Cir.1995) ("[A]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and ... in any way impacts upon the administration of the bankrupt estate.") (citations omitted). However, they argue that this court must abstain pursuant to § 1334(c)(2), which states:

**2.** BankPlus informed the court of the various bankruptcy petitions and proceedings by letters to the undersigned dated December 6, 2011, January 19, 2012 and January 20, 2012, and docketed by counsel in the court record. In each of these letters, which BankPlus docketed as "Supplemental Authorities in Support of" its response to plaintiffs' motion, BankPlus advised that the bankruptcy "affected" portions of its brief in opposition to plaintiffs' motion but did not elaborate further as to how its arguments were "affected," leaving it to the court to speculate as to how these matters might affect the Bank's position. Had counsel wished only to apprise the court of the additional bankruptcy filings, a notice to that effect would have been appropriate. And, if counsel had wished to supplement their memorandum on a pending motion, the proper method by which to have done so was

not by e-filing correspondence to the undersigned that does not contain any actual supplemental argument, but rather by filing a supplemental memorandum setting forth their argument.

**3.** Section 1334 lists four types of matters over which there is bankruptcy jurisdiction: (1) cases "under title 11", which refers to the bankruptcy case itself; (2) proceedings "arising under" title 11; (3) proceedings "arising in" a case under title 11, which are "core" proceedings; and (4) proceedings "related to" a case under title 11. Here, there is no dispute that this case is at least "related to" the pending bankruptcies since the outcome of the case could conceivably have an effect on the bankruptcy estates.

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

They request alternatively discretionary abstention and/or equitable remand pursuant to 28 U.S.C. § 1334(c)(1) or 28 U.S.C. § 1452(b), respectively.[4]

■ For mandatory abstention to apply under § 1334(c)(2), the following conditions must exist: (1) a motion has been timely filed requesting abstention; (2) the cause of action is essentially one that is premised on state law; (3) the proceeding is non-core or related to the bankruptcy case; (4) the proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case; and (5) the proceeding has already been commenced and can be timely adjudicated in a state court forum. *Williamson v. Central Mississippi Med. Ctr.,* Civ. Action No. 3:06CV201LS, 2006 WL 2043029, *1–2 (S.D.Miss. July 20, 2006). Plaintiffs submit that each of these conditions is present, and that the court must therefore abstain and remand. For its part, BankPlus does not dispute that plain-

tiffs timely moved for abstention, that their causes of action are premised on state law, and that this case could not have been commenced in this court absent the existence of plaintiffs' bankruptcy cases. However, it maintains that mandatory abstention does not apply both because plaintiffs' claims against it constitute core proceedings, and because plaintiffs have not established that the action can be timely adjudicated in state court. The court rejects that latter contention, as it has no reason to believe that upon remand, the cause will not be handled in a timely manner. Moreover, the court concludes that plaintiffs' claims do not constitute core proceedings.

■ Pursuant to 28 U.S.C. § 157(b)(1), "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 … and may enter appropriate orders and judgments." Although the statute does not define "core proceedings," the Fifth Circuit has interpreted the statute as equating core proceedings with the categories of "arising under" and "arising in" proceedings. *Matter of Wood,* 825 F.2d 90, 97 (5th Cir.1987). It has in turn read the phrase "arising under title 11" to describe those proceedings that "invoke[ ] a substantive right provided by title 11," and the phrase "arising in" as describing matters "that could arise only in bankruptcy." *Id.* Thus, "a proceeding is core under sec-

---

**4.** 28 U.S.C. § 1334(c)(1) states:
Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
28 U.S.C. § 1452(b) states:
The court to which such claim or cause of action is removed may remand such claim

or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

tion 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Id.* "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but . . . it is [a] non-core proceeding." *Id.*

Subsection (b)(2) provides a list of sixteen categories of "arising under" and "arising in" proceedings, some specific and others more general. *See Stern v. Marshall,* — U.S. —, 131 S.Ct. 2594, 2605, 180 L.Ed.2d 475 (2011) (holding that "core proceedings are those that arise in a bankruptcy case or under Title 11[,]" and explaining that "[t]he detailed list of core proceedings in § 157(b)(2) provides courts with ready examples of such matters."). BankPlus submits that two of the general categories apply here, namely, § 157(b)(2)(A), which includes "matters concerning the administration of the es-

tate," and 157(b)(2)(O), which includes "other proceedings affecting . . . the adjustment of the debtor-creditor relationship."[5] BankPlus reasons that this case concerns the administration of the debtors' bankruptcy estates, first, because the debtors' causes of action herein are property of their bankruptcy estates, and second, because plaintiffs' complaint seeks enforcement of an alleged modification of loans as to which BankPlus is a creditor in the bankruptcy proceedings, or put another way, because the plaintiffs are suing in this case to modify obligations that are involved in the pending bankruptcies. BankPlus further submits that since plaintiffs seek herein a restructuring of their loan obligations, then their claims fit within subsection (O) as they seek to affect "the adjustment of the debtor-creditor relationship."

■ The Fifth Circuit has cautioned against a broad reading of these "catchall" provisions; "otherwise, the entire range of proceedings under bankruptcy jurisdiction"—including claims that qualify

---

5. Section 157(b)(2) provides:
Core proceedings include, but are not limited to—
(A) matters concerning the administration of the estate;
(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
(C) counterclaims by the estate against persons filing claims against the estate;
(D) orders in respect to obtaining credit;
(E) orders to turn over property of the estate;
(F) proceedings to determine, avoid, or recover preferences;
(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;
(I) determinations as to the dischargeability of particular debts;
(J) objections to discharges;
(K) determinations of the validity, extent, or priority of liens;
(L) confirmations of plans;
(M) orders approving the use or lease of property, including the use of cash collateral;
(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;
(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and
(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

as merely "related to" the bankruptcy case—"would fall within the scope of core proceedings," a result contrary to the purpose of the 1984 Bankruptcy Act. *Wood,* 825 F.2d at 95.[6] *See also In re Doctors Hosp.1997, L.P.,* 351 B.R. 813, 844 (Bkrtcy. S.D.Tex.2006) (stating that Fifth Circuit "warns against a broad interpretation of § 157(b)(2)(O) and prefers to deem a proceeding as core under the more specific examples rather than fitting a particular proceeding into the catch-all language of subsections (b)(2)(A) and (b)(2)(O)") (citing *Wood,* 825 F.2d at 95); *Mirant Corp. v. The Southern Co.,* 337 B.R. 107, 116 (N.D.Tex.2006) (observing Fifth Circuit's caution in *Wood* that statutory listing in § 157(b)(2) should not be read so broadly as to violate the dictates of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)). In other words, since a broad interpretation of these provisions could result in the court's ascribing core status to claims that are only "related to" the bankruptcy proceeding, then these catchall provisions must be narrowly read to extend only to those "matters concerning the administration of the estate" or "other proceedings affecting ... the adjustment of the debtor-creditor relationship" which "invoke[ ] a substantive right provided by title 11" or which "by its nature, could arise only in the context of a bankruptcy case." *Wood,* 825 F.2d at 97.[7]

■ Contrary to BankPlus's urging, plaintiffs' claims in this cause are not core simply because they are an asset of the bankruptcy estates. *See Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 56, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (common-law actions to augment the size of the estate involving disputed facts for jury are not core); *Anderson v. Nissan Motor Acceptance Corp.,* 326 F.Supp.2d 760, 766 (S.D.Miss.2003). Moreover, plaintiffs' demand herein for enforcement of an alleged modification of the terms of their loan agreements with BankPlus, a creditor in bankruptcy, is not a "proceedings affecting ... the adjustment of the debtor-creditor relationship" within § 157(b)(2)(O), as that provision refers to the restructuring of debtor-creditor relations *under the Bankruptcy Code,* which is distinct from the "adjudication of state-created private rights." *See Northern Pipeline,* 458 U.S. at 71, 102 S.Ct. 2858, 73 L.Ed.2d 598 (plurality opinion) (distinguishing "the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, ... from the adjudication of state-created private rights"). And, while a resolution of plaintiffs' claims against Bank-Plus could potentially affect the administration of the bankruptcy estate—which is necessary in order that the court have jurisdiction at all—the claims do not invoke a substantive right provided by title 11 and could exist outside the bankruptcy case and hence are not core.

---

**6.** As the court explained in *Matter of Wood,* the Supreme Court in *Northern Pipeline v. Marathon,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), declared the jurisdictional provision of the 1978 Bankruptcy Act unconstitutional because it vested Article III judicial power in Article I judges. *Matter of Wood,* 825 F.2d 90, 91 (5th Cir.1987). To conform the bankruptcy statute to the dictates of Marathon, Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984, which divided the Act's jurisdictional grant into "core" proceedings, over which the

bankruptcy courts exercise full judicial power, and "otherwise related" or "non-core" proceedings, over which the bankruptcy courts exercise only limited power. *Id.*

**7.** Regardless of how it is interpreted, any fair reading of the Supreme Court's decision in *Stern v. Marshall,* —— U.S. ——, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), confirms that the catch-all provisions must be read narrowly.

This action is not a proceeding that could arise only in the context of a bankruptcy. None of plaintiffs' claims implicates the peculiar rights and powers of bankruptcy, nor do any of the claims depend on the bankruptcy laws for their existence. *Mirant Corp.*, 337 B.R. at 117 –118. The claims do not involve a substantive right provided by title 11, nor is any of a nature that it could arise only in the context of a bankruptcy case or based on any right created by the federal bankruptcy law. *Id.* Rather, all the claims are based entirely on state law. Plaintiffs' causes of action arose entirely before the debtors filed their bankruptcy petitions and, but for the bankruptcy filings, could have proceeded in state court. *See Wood*, 825 F.2d at 96 ("controversies that do not depend on the bankruptcy laws for their existence—suits that could proceed in another court even in the absence of bankruptcy—are not core proceedings"). Therefore, the court finds that plaintiffs' claims in this suit are non-core proceedings. From this conclusion, it follows that mandatory abstention applies, and that plaintiffs' motion is therefore due to be granted.[8]

Accordingly, it is ordered that plaintiffs' motion to abstain and remand is granted.

SO ORDERED.

---

8. The court would note that even if it had concluded that this case involved a core proceeding, it would grant plaintiffs' alternative request for discretionary abstention and/or equitable remand. *See Anderson v. Nissan Motor Acceptance Corp.*, 326 F.Supp.2d 760, 767 (S.D.Miss.2003) (setting forth factors to consider, and finding discretionary abstention and equitable remand in order where case was brought solely under state law, there were no overriding bankruptcy issues, and there was no reason to expect that remand would delay or otherwise disrupt the administration of the involved bankruptcy estates).