**Jessie ADAMS, Jr., et al.  Plaintiffs**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, et al
Defendants**

**No. CIV.A. 4:03CV127–M–A.**

United States District Court,
N.D. Mississippi,
Greenville Division.

Feb. 13, 2004.

Edward Blackmon, Jr, Blackmon & Blackmon, Canton, Julian Dewayne Thomas, Julian Dewayne Thomas, Attorney, Jackson, Joseph L. Tucker, James Victor Doyle, Jr., K. Stephen Jackson, PC., Birmingham, AL, for Jessie Adams, Jr., Alice L. Allen, Belinda Amerson, Kattie Anderson, plaintiffs.

Katharine M. Samson, Watkins Ludlam Winter & Stennis, P.A., Gulfport, MS, J. Wyatt Hazard, Jason Hood Strong, Daniel, Coker, Horton & Bell, Samuel Ernest Linton Anderson, Watson & Jernigan, P.A., Jackson, MS, Ronald G. Peresich, Page, Mannino, Pereisch, Dickinson & McDermott, P.L.L.C., Biloxi, MS, William Thomas Cooper, Gholson, Hicks & Nichols, Columbus, MI, Hal S. Spragins, Hickman, Goza & Spragins, PLLC, Oxford, MS, S. Robert Hammond, Jr., Bryant, Clark, Dukes, Blakeslee, Ramsay & Hammond, Hattiesburg, MS, C. Michael Ellingburg, Brenda B. Bethany, Daniel, Coker, Horton & Bell, Jackson, MS, Ken R. Adcock, Gore Kilpatrick Purdie Metz & Adcock, Ridgeland, MS, Thomas M. Brabham, Brabham & Bean, McComb, MS, A. Spencer Gilbert, III, Wise, Carter, Child & Caraway, Jackson, MS, Thomas L. Webb, Thomas L. Webb, Attorney, Meridian, H.J. Davidson, Jr., Carter & Davidson, Columbus, MS, David Aaron Norris, McGlinchey Stafford, Jackson, Jeffrey Lee Ingram, Galese & Ingram, PC, Birmingham, AL, R. Kent Hudson, R. Kent Hudson, Attorney, Natchez, MS, Michael W. Strahan, Bourdeaux & Jones, William Wyatt Simmons, Glover Young Walton & Tucker, Meridian, MS, James Andrew Yelton, Bailey & Womble, Batesville, MS, Joseph E. Roberts, Jr., Pittman, Germany, Roberts & Welsh, Jackson, MS, Richard G. Noble, Crosthwait Terney & Noble, Indianola, MS, Anne C. Sanders, Brunini, Grantham, Grower & Hewes, Jackson, MS, William D. Boerner, Allen, Allen Boerner & Breeland, Brookhaven, MS, W. Scott Welch, III, Butler, MS, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Earl Wayne Smith, Jones & Smith, Liberty, MS, Thomas Wayne Brock, William S. Guy Law Office, McComb, MS, Samuel E. Farris, Farris Law Offices, Hattiesburg, MS, Gerald Haggart Jacks, Jacks, Adams & Norquist, P.A., Cleveland, MS, for General Motors Acceptance Corporation, Chris Posey Chevrolet–Datson, Inc., Chris Posey, Inc., Chris Posey Chevrolet–Nissan, Inc., Cooley Motor Company, Dees Chrevrolet–Oldsmobile, Killens Motors, Inc., Tolbert Chevrolet Oldsmobile Buick Pontiac, Inc., John O'Neil Johnson Motor Co., Defendants A Thru Z, There may be other enti-

ties whose true names and identities are unknown to plaintiffs at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by plaintiffs when their true names and identities are accurately ascertained by further discovery. Until that time, plaintiffs will designate these parties in accordance with Rule 9(h), Mississippi Rules of Civil Procedure. The word "entity" as used herein intended to refer to and include any and all forms, of partnerships, any and all types of corporations and unincorporated associations. The symbol by which these party defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action, the party defendants which plaintiffs must include by descriptive characterization are as follows: "A through F", whether singular or plural, being the entity that was the finance company described below that committed the wrongful acts alleged in plaintiff's complaint and or the entity on whose behalf any agent in question was acting; "G through T", whether singular or plural, being the automobile salesman who was the insurance salesman who was the insurance agent who dealt with plaintiffs; "U through Z", whether singular or plural, being that entity or persons, other than those entities and persons describe above, which is the successor in interest, or the assignee, or which undertook the duties, or assumed the liabilities of any of the entities described above, including the named defendants. Plaintiffs alleges that the identities as proper party-defendants are not known, but their true names will be substituted by amendment when ascertained., Fitzner Pontiac Buick Cadillac, Inc., Carl Hogan Automobile, Inc., McKay Auto Mart, Earl McKay, Inc. dba McKay Auto Mart, Delta Chevrolet–Olds–Cadillac Company, Harreld Chevrolet Company, Berry Chevrolet Company, Inc., Berry Chevrolet Co., Inc., Mandal Pontiac–Buick–GMC, Inc., Nelson Hall Chevrolet, Inc., Harris Hankins Motors, Inc., Ryan Motors, Inc., Kirk Brothers, Inc., East Automotive Group, Inc., Cooley Motor G Company, Inc., Herrin–Gear Chevrolet Company, Inc., Hallmark Motors Limited Motors, Hallmark Toyota–BMW, Inc., Saturn of Jackson, Day Motors, Inc., Atwood Chevrolet Olds, Inc., Key–Cars, Inc. dba Metro Imports, Petro Automotive Group, Trace, Inc., Fowler Buick–GMC Truck, Inc., Paul Moak Pontiac, Inc., Paul Moak of Ridgeland, Inc., Tillman Automotive Group, Inc. dba Great River Oldsmobile, Classic Motors, Inc. fka Lowery–Sullivan Motors, Inc., Mitchell Chevrolet–Buick–Pontiac–GMC Trucks, Inc., East Ford, Inc., Blackmon Buick Olds Isuzu, Clements Cadillac, Inc., Buck Glen Pontiac GMC Truck, Inc., Dossett Big 4, Inc., Laurel Ford Lincoln Mercury, Inc., Pat Peck, Inc. dba Pat Pack Nissan, Pat Peck Toyota, Inc, Sellers Automotive Group, Inc. fka Sellers Oldsmobile Cadillac Company, Inc., Nations Pontiac–Buick–Cadillac–GMC, Inc., Turner–Johnson Dodge, Inc., New South, Inc., Rebel Inc., Watson Quality Ford, Inc., New South Ford, Inc., KMS, Inc. dba Van Trow Olds Company, Jim Bush Auto Group, Inc., Cliff Colbert Chevrolet–Olds, Inc., Billy Brooks Pontiac Buick, Inc., Lamar Loe Motor Co., Inc., Thames Motor Company, Inc., Trace City Ford Lincoln Mercury, Inc., Jerry Enis Motors, Inc., Vantrow Oldsmobile Company, Absolute Auto Group, Stan King Chev–Olds, Inc. aka Ricky Salyer Chev–Olds, Inc., Blackwell Chevrolet Co., King–Salyer Mazda, Vickery Chev–Olds, Inc., Red Caldwell Chevrolet Pontiac Buick GMC Trucks, Inc., Absolute Auto Group, Hometown Chevrolet Buick, Inc., Ed Davis Motors, Martin Motors, George Carr Buick Pontiac, Cadillac, GMC, Inc., Howell, Inc., Triple M Motors, R.E. Smith Motor Com-

pany, Inc., Mark Escude Nissan, Inc., Regency Toyota, Inc., Regency Nissan, Inc., Sam Dossett Buick Pontiac Mazda, Jerrel Davis Buick, Inc., Lowery–Sullivan Motors, Inc., Hallmark Ford, LLC, Heafner Motors, Inc., McKay Pontiac Buick Inc., Lee Chevrolet Olds, Inc., Royal Imports, Inc., Performance Pontiac, Oldsmobile, Cadillac, GMC Trucks, Inc., Mike Smith Motors, Freddy Rogers Buick Pontiac Chev–GMC, Central Pontiac Buick Company, United Toyota, Inc., Dinsmores Chevrolet Oldsmobile Inc., Lefleur Cadillac Inc., Greenville Buick Cadillac Pontiac Company, Inc., Greenville Auto Mall, Inc., Kent Hull Pontiac–Buick–GMC, Inc., Sid Carroll Pontiac, Inc., Blackwell Ford–Mercury Inc., Delta Chevrolet Olds, Jerry Ennis Motors, Inc., General Motors Acceptance Corporation, James Ceranti Motors, Weathersby Chevrolet Company, Inc., All Star Motors Company of Greenville, Inc., Atwood Chevrolet–Olds, Inc., Hobbs Automotive, Inc. dba Kim's Chrysler Dodge Jeep Toyota, Rick Justice Pontiac Buick GMC, Inc., Buck Glen Pontiac GMC Truck, Inc., Star Chevrolet Chrysler Jeep, Inc., Bobby Gray Management, Inc. dba Yazoo Motor Company, Turan–Foley Motors, Inc., James Ceranti Motors, Atwood Chevrolet–Olds, Inc., All Star Motors Company of Greenville, Inc., Blackmon Buick Olds Isuzu, Blackmon Buick Olds Isuzu, Inc., Blackmon Chevrolet Company, Buck Glen Pontiac GMC Truck, Inc., Dossett Olds GMC Datsun, Inc. dba Dossett Olds Nissan GMC Trucks, Inc., Kossman's, Inc., Sellers Cadillac–Oldsmobilel Co., Inc., defendants.

### MEMORANDUM OPINION AND ORDER

MILLS, District Judge.

This cause comes before the court on plaintiffs' motion [73–1] to remand this case to the Circuit Court of Leflore County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

On November 19, 2002, plaintiffs filed suit in the Circuit Court of Leflore County, seeking recovery for fraud allegedly committed by defendants in the course of automobile financing transactions among the parties. The defendants in this case include General Motors Acceptance Corporation (GMAC) and approximately one hundred motor vehicle dealers who, according to plaintiffs' complaint, conspired with each other to deceive plaintiffs into financing their vehicle purchases at inflated interest rates. The complaint also includes allegations that defendants conspired to defraud African–American plaintiffs by charging them even higher rates than those charged to similarly-situated white applicants, without informing them that they were being charged higher rates. Defendants removed the case to this court, on the basis of federal question jurisdiction, see 28 U.S.C. § 1331.

In moving for remand, plaintiffs argue that they seek recovery solely under state law and that federal question jurisdiction therefore does not exist in this case. Defendants acknowledge that plaintiffs state no federal claims on the face of their complaint, but they argue that plaintiffs' allegations that defendants employed practices which served to discriminate against African–American customers implicate the federal Civil Rights Act, 42 U.S.C. § 1981, and the Equal Credit Opportunity Act, (ECOA), 15 U.S.C. § 1691, so as to give rise to federal question jurisdiction. This argument lacks merit. It is well established that, under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded

complaint." *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir.2001) (*quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir.2001).

If an area of the law is completely preempted by federal law, the artful pleading doctrine may apply. The Fifth Circuit has explained the doctrine of complete preemption as follows:

> This doctrine has been used to define limited categories of state law claims that are "completely preempted" such that "any civil complaint raising this select group of claims is necessarily federal in character," no matter how it is characterized by the complainant in the relevant pleading. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). In effect, the application of complete preemption "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 1547. Because they are recast as federal claims, state law claims that are held to be completely preempted give rise to 'federal question' jurisdiction and thus may provide a basis for removal.

*McClelland v. Gronwaldt*, 155 F.3d 507, 512 (5th Cir.1998). It is thus clear that complete preemption may transform state law claims into federal claims. However, the United States Supreme Court has found complete preemption, and thus the artful pleading doctrine, to exist only in the limited areas of federal labor relations law, certain ERISA cases, and usury claims against national banks. *Carpenter v. Wichita Falls Independent School Dist.,*

44 F.3d 362, 367 (5th Cir.1995); *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 2063, 156 L.Ed.2d 1 (2003). Outside of these limited areas, a plaintiff is free to seek recovery solely under state law, and defendants may not seek to transform these claims into federal ones through the artful pleading doctrine.

In this case, it is clear that federal discrimination laws do not completely preempt state discrimination laws, and the artful pleading doctrine therefore does not apply. Indeed, at least two other district judges in this state have remanded cases involving allegations very similar to those in the present case. *See Angelia Anderson, et al. v. Nissan Motor Acceptance, Corp.*, No. 3:03cv6 (S.D. Miss. Aug. 22, 2003); *Amos v. Ford Motor Credit Corp.*, 2003 WL 23199863 (N.D.Miss. Dec.29, 2003). In *Anderson*, Judge Lee rejected nearly identical arguments that plaintiffs' allegations of discriminatory practices in connection with automobile financing transactions served to transform state law claims into federal discrimination claims. In so concluding, Judge Lee wrote that "since it is plain that neither the Equal Credit Opportunity Act nor the Federal Civil Rights Act completely preempts state laws on race discrimination, it thus follows that there is no federal jurisdiction in this cause." *Anderson*, Slip op. at 7–8. In *Amos*, Judge Davidson likewise remanded under circumstances substantially identical to those in this case and in *Anderson*.

In asserting that jurisdiction exists, defendants stress that Mississippi law provides no cause of action for race discrimination, and they thus argue that plaintiffs' claims must necessarily be regarded as federal claims. However, in *Waste Control Specialists, LLC v. Envirocare of Tex.*, 199 F.3d 781, 783 (5th Cir.2000), the Fifth Circuit held that the fact that a plaintiff

asserted state law antitrust claims which were allegedly not viable did not serve to transform those claims into federal antitrust claims. Indeed, the Fifth Circuit held that the district court lacked the jurisdiction to even consider whether those state law claims were viable, considering the absence of complete preemption in the antitrust context. *Id.* at 784. This court likewise has no jurisdiction to consider whether plaintiffs' claims in this case constitute valid state law claims, since it is apparent that plaintiffs are attempting to proceed solely under state law in an area not subject to complete preemption. In this case, as in *Anderson,* plaintiffs couch their allegations of discriminatory practices in terms of defendants' failure to disclose those practices, in contravention of an alleged state law duty to disclose, and plaintiffs specifically reject any recovery under federal law. *Anderson,* slip op. at 6, n. 2. The validity of plaintiffs' state law claims is an issue for the state court to decide.

Defendants concede that *Anderson* constitutes adverse authority, but they maintain that Judge Lee's earlier decision in *Copiah County Bd. of Supervisors v. Motor Classics Ltd.,* 269 F.Supp.2d 763, 765 (S.D.Miss. April 17, 2003), is in conflict with *Anderson* and that *Copiah County* supports their position herein. The court does not agree. *Copiah County* dealt with issues distinct from those in the present case and in *Anderson,* namely whether federal questions embedded in state law claims were so "substantial" as to give rise to federal question jurisdiction under *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In *Copiah County,* the plaintiff sought to recover for breaches of an airport lease agreement which expressly incorporated provisions of federal law, including federal transportation regulations, into the terms of the contract. *Id.* at 764. Judge Lee

determined that any embedded federal questions in that case were insufficiently substantial to give rise to federal question jurisdiction under *Franchise Tax Board,* and he accordingly remanded the case. *Id.* at 764–65.

In *Copiah County,* there were arguably federal questions embedded into plaintiff's state law claims, given that the lease agreement in that case expressly incorporated specific federal regulations into its terms. *Id.* As such, the plaintiff's burden of proving that the lease agreement was violated also arguably included a burden of showing that federal regulations were violated. In this case, by contrast, the relevant issue is not whether federal laws would prohibit the discriminatory practices alleged in plaintiffs' complaint, but, rather, whether Mississippi state courts will choose to impose liability under the circumstances alleged in the complaint. While it may well be true, as defendants contend, that Mississippi state courts have not imposed liability based upon allegations similar to those in the present case, it is certainly within their purview to do so, considering the absence of complete preemption in the discrimination context. Regardless, it is clear that no "interpretation of [any] federal right is necessary to resolve" this case, see *Howery v. Allstate Inc. Co.,* 243 F.3d 912, 916–17 (5th Cir. 2001), and the substantial federal question doctrine therefore does not apply.

In the court's view, the authority which comes closest to supporting defendants' position in this case is the Fifth Circuit's decision in *Medina v. Ramsey Steel Company, Inc.,* 238 F.3d 674, 680 (5th Cir. 2001). In *Medina,* the Fifth Circuit held that a district judge properly denied remand where a plaintiff claimed to seek recovery under Texas law but amended his complaint to seek specific remedies, including back pay and liquidated damages,

which were available solely under the Age Discrimination in Employment Act (ADEA). *Medina*, 238 F.3d at 679. Under these circumstances, the Fifth Circuit concluded in *Medina* that "[f]rom the face of [plaintiff's] well-pleaded complaint, it is clear that [plaintiff] is not proceeding on the exclusive basis of state law; [i]nstead the damages he seeks are authorized only by federal law." *Id.* at 680.

*Medina* makes it clear that plaintiffs must tread carefully in seeking recovery under state law in an area in which federal laws apply, particularly where their legal basis for recovering under state law is far from clear. In *Medina*, the district court had originally remanded the case and only accepted jurisdiction following a second removal, after plaintiffs amended their complaint to seek remedies which were obviously based upon a federal statute. *Id.* In this case, the court has no reason to conclude that plaintiffs are, in fact, seeking recovery under any federal law, and *Medina* therefore does not apply. *Medina* does make it clear, however, that plaintiffs' claims in this case must either succeed or fail *solely* on the basis of state law and that, even after remand, plaintiffs must show a continued commitment to seeking recovery solely under state law.[1] As it currently stands, however, defendants' attempts to transform plaintiffs' state law claims into federal discrimination claims are barred by the absence of complete preemption in the discrimination area, and this case must therefore be remanded.

Based on the foregoing, it is ordered that plaintiffs' motion to remand [73–1] is granted. Defendant GMAC's motion [209–

1] to certify certain remand issues for interlocutory appeal is denied.

---

1. Defendants argue that there is an inconsistency between the Fifth Circuit's decision in *Medina* and the Court's earlier holding in *Waste Control*, discussed *supra*. In this vein, GMAC has moved [209–1] for this court to certify an interlocutory appeal so that the Fifth Circuit might address this alleged inconsistency. In the court's view, however, *Medi-* *na* does not constitute a departure from *Waste Control* so much as a recognition that, while federal courts uphold the right of plaintiffs to seek recovery solely under state law absent complete preemption, different considerations apply once it becomes affirmatively clear that plaintiffs are seeking recovery under federal law. The motion will therefore be denied.